T.C. Memo. 2004-164


UNITED STATES TAX COURT


KATHRYN D. MILLS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18442-03L.          Filed July 13, 2004.


Donald Louis Herskovitz, for petitioner.

Jeffrey E. Gold, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]   We
shall grant respondent's motion.

_____

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Prospect, Connecticut, at the time she filed the petition in this case.

On April 15, 2001, petitioner filed a Federal income tax (tax) return for her taxable year 2000 (2000 return). In her 2000 return, petitioner reported total income of $628,613, taxable income of $608,188, total tax of $223,186, tax withheld of $87,586, and tax due of $135,600. Petitioner did not remit with that return payment of the tax shown due.

On May 28, 2001, respondent assessed petitioner's tax, an addition to tax under section 6651(a)(2),[2] and interest as provided by law for her taxable year 2000. On July 23, 2001, respondent credited $300 to petitioner's account for that taxable year. On the same date, respondent assessed an additional addition to tax under section 6651(a)(2) and interest as provided by law for petitioner's taxable year 2000. On March 10, 2003, respondent applied an overpayment credit of $1,452 for peti- tioner's taxable year 2002 to petitioner's taxable year 2000. (We shall refer to any unpaid assessed amounts, as well as any accrued and unassessed interest as provided by law, for peti-

_____

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

tioner's taxable year 2000 as petitioner's unpaid liability for 2000.)

Respondent notified petitioner of the balance due with respect to petitioner's unpaid liability for 2000, as required by section 6303.

Around mid-October 2001, petitioner submitted to respondent an offer-in-compromise (petitioner's offer) proposing to pay $1,000 to compromise petitioner's unpaid liability for 2000. Around September 13, 2002, respondent's representative (respondent's offer examiner) assigned to consider petitioner's offer requested that petitioner send on or before October 15, 2002, additional financial information in support of that offer. Petitioner requested, and respondent's offer examiner granted, an extension until October 21, 2002, of the time within which she was to submit additional financial information to respondent's offer examiner. Petitioner did not submit such information to respondent's offer examiner and consequently petitioner's offer was returned to petitioner.

On November 15, 2002, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to her taxable year 2000. On December 9, 2002, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In

petitioner's Form 12153, petitioner alleged (1) that she filed an offer-in-compromise, (2) that there was an improper determination of collection values, and (3) that there was "Financial hardship- -impairment of employment".

On March 13, 2003, the settlement officer sent a letter (March 13, 2003 letter) to petitioner acknowledging receipt of petitioner's Form 12153. The March 13, 2003 letter stated in pertinent part:

> If you would like me to consider collection alterna- tives such as an offer in compromise, an installment agreement, etc., or alternatives to a filed Notice of Federal Tax Lien in your hearing, the items listed and checked below must be provided:
>
> [X]  A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for busi- nesses; forms enclosed for your convenience) using current information.
>
> [X]  Proof of sufficient estimated income tax payments or withholding for the period(s) listed below: 12-31-2003
>
> [X]  Other:
> -Please provide copies of Form 1040 for 2000, 2001, and 2002.
> -Please document the disposition/current status of the income that you reported on your Form 1040 for 2000.
> -Please provide a statement detailing your pro- posed alternative to the filed Notice of Federal Tax Lien.
> -A copy of Form 12153 is enclosed. The signature on this form does not appear to be yours or that of your representative. If you wish to continue with your Collection Due Process Request, please either verify that the signature is yours or your representatives, or resubmit the form with an authorized signature.
> -Form 12153 indicates that you have an offer in

> compromise filed.  The offer in compromise was
> returned to you.  It is not pending at this time.

The items listed above should be provided to me within
30 days of the date of this letter.  I will contact you
after that date to schedule a hearing.

If you do not provide the returns and/or information
requested, I cannot consider certain collection alter-
natives in your hearing.  These include selecting an
Offer in Compromise or an Installment Agreement, as
alternatives for resolving your case. * * *

In response to the March 13, 2003 letter, petitioner submit-
ted to the settlement officer, inter alia, Form 433-A, Collection
Information Statement (Form 433-A).  Petitioner did not provide
the monthly income and expense information requested by Form 433-
A, and the only asset that she listed in that form was a Jeep
with a loan balance of $20,191.

In response to the March 13, 2003 letter, petitioner also
submitted to the settlement officer a document that purported to
list transactions relating to each of two accounts at Charles
Schwab (Charles Schwab accounts) for the period April-December
2000.  On April 14, 2000, the opening balance in one of the
Charles Schwab accounts was $517,089.24.  During the period
April-December 2000, a total of $487,738.50 was transferred from
that account to the other Charles Schwab account.[3]  The Charles
Schwab account to which that amount was transferred showed

---

[3]Of the total $487,738.50 transferred from one of the Schwab
accounts to the other, $10,000 was transferred in April 2000,
$320,000 was transferred in May 2000, and $157,738.50 was trans-
ferred in December 2000.

disbursements of, inter alia, $299,850 to Triple R Construction, $90,169.19 to GE Elfun Account, $24,000 to a Jeep dealership, $23,857.22 to MB, $16,600 to John Lawncare, $15,000 to Best Prices, $12,014.04 to Mudricks, as well as other disbursements of thousands of dollars to, inter alia, each of Aquarius Pools and Spas, Reese's Delivery Services, Thomaston Oil, Soundworks and Security, Benders, and Angelo's.

On April 7, 2003, in response to the March 13, 2003 letter, petitioner also sent a letter to the settlement officer which stated in pertinent part:

> Below is my statement detailing my proposed alternative to the filed Notice of Federal Tax Lien.
>
> I no longer own the property at 919 Wilcoxson Avenue, Stratford, CT. It was deeded to my son and daughter-in-law per the attached Quit Claim Deed.

On June 25, 2003, the settlement officer held an Appeals Office hearing with petitioner with respect to the notice of lien. During that hearing, the settlement officer discussed possible collection alternatives with petitioner, including posting a bond, substituting collateral, or paying in full petitioner's unpaid liability for 2000. In addition, the settlement officer considered whether there were grounds under section 6323(j) to withdraw the notice of lien. At no time in connection with the Appeals Office hearing did petitioner submit an offer-in-compromise to the settlement officer or request an installment agreement. Petitioner did not dispute the existence or the

amount of petitioner's unpaid liability for 2000 at the Appeals Office hearing or in the petition that she filed in this case.

On September 25, 2003, the Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) to petitioner. An attachment to that notice stated in pertinent part:

### Summary & Recommendation

\* \* \* \* \* \* \*

You have not put forth an appropriate alternative to the Notice of Federal Tax Lien. Therefore, it is the determination of Appeals that the lien should remain on file until the balance due in question is fully paid.

### Brief Background

You submitted an offer in compromise. The offer in compromise was returned to you, because you did not provide the information requested by the offer examiner. The Notice of Federal Tax Lien was filed in conjunction with the return of your offer. In response to the lien filing, you filed Form 12153.

It was determined that you do not have the ability to pursue any alternatives to the lien at this time.

### Verification that Law and Procedure were Followed

Information in the administrative case file and related computer records shows that the IRS followed law and procedure in this case. The assessment in question is based upon a return filed by you. IRS records show that the assessment was properly made under IRC Section 6201. Notice and demand was sent to you as required per IRC Section 6303. There was a balance due at the time the Collection Due Process Notice was issued as required by IRC sections 6322 and 6331(a). The IRS gave you opportunities to pay the balance due voluntarily, but you failed to do so. The Compliance Division recorded the Notice of Federal Tax Lien to protect the Government's interest.

\*      \*      \*      \*      \*      \*      \*

### Relevant Issues Raised by the Taxpayer

On Form 12153, you raised several issues including that
you had an offer in compromise on file, there was an
improper determination of collection value, and finan-
cial hardship--impairment of employment.

At your collection due process hearing you explained
the events, which caused the liability.  Alternatives
to the lien were reviewed such as posting a bond,
substitution of collateral, or full payment of the
account.  None of these options are available to you at
this time.

### Balancing Efficient Collection with the intrusiveness of the Collection Action

You have produced no evidence that indicates that the
withdrawal of the Notice of Federal Tax Lien would
facilitate collection of the liability, or that any of
the other grounds for withdrawal under IRC section
6323(j) are applicable.  You have offered no collection
alternatives that would permit the release of the lien.

A withdrawal of the lien would create a detriment to
the government's position.  Thus, absent some statutory
basis to withdraw the Notice of Federal Tax Lien, or
release the lien, maintaining the filed lien balances
the need for the efficient collection of taxes with
your legitimate concern that any collection action be
no more intrusive than necessary.

In the petition that she filed in this case, petitioner

alleged:

The relief requested is that the IRS should release a
federal tax lien that the IRS has filed against the
taxpayer.  The reasons for such relief are that the IRS
abused its discretion in failing to consider the infor-
mation that the taxpayer submitted to support its offer
in compromise, there was an improper determination of
collection value, and the taxpayer's financial
hardship-impairment of employment.  A withdrawal of the
lien would facilitate collection action.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

Petitioner did not dispute the existence or the amount of petitioner's unpaid liability for 2000 at the Appeals Office hearing or in the petition that she filed in this case. We shall review the notice of determination for abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

The settlement officer considered all of the allegations and contentions in petitioner's Form 12153 and in her submissions to such settlement officer. During the Appeals Office hearing that the settlement officer held with petitioner, the settlement officer discussed possible collection alternatives with her, including posting a bond, substituting collateral, or paying in full petitioner's unpaid liability for 2000. In addition, the settlement officer considered whether there were grounds under section 6323(j) to withdraw the notice of lien. At no time in connection with the Appeals Office hearing did petitioner submit an offer-in-compromise to the settlement officer or request an

installment agreement.  Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 2000.[4]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motion and decision</u>
<u>will be entered for respondent</u>.

---

[4]We have considered all of petitioner's allegations and contentions that are not discussed herein, and we find them to be without merit and/or irrelevant.